IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

KENNETH GANDY, #94933      PLAINTIFF

VERSUS      CIVIL ACTION NO. 2:05cv111KS-JMR

CONNIE PIERCE, Case Manager      DEFENDANT

## MEMORANDUM OPINION

Plaintiff Kenneth Gandy, #94933, an inmate currently incarcerated in the East Mississippi Correctional Facility, Meridian, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendant is Connie Pierce. Plaintiff seeks monetary damages and that the defendant be fired from her job.

### Background

The plaintiff complains that he should have received a the classification upgrade to "C" custody on April 26, 2004 or June 16, 2004. According to the allegations, the change in the date as well as the denial of the classification upgrade was a result of Kenneth Stanley telling the defendant to do so. The plaintiff asserts that defendant Pierce is an "accessory to the fact of Kenneth Stanley not to give me c-custody." (Complaint - Statement of Facts p.4).

### Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the plaintiff was granted in forma pauperis status, Section 1915(e)(2) applies to the instant case. As discussed below, the plaintiff's § 1983 action fails to state a claim on which relief may be granted.

The first inquiry in any civil rights action is whether the complainant has been deprived of a federally protected right. There can be no relief under 42 U.S.C. § 1983 if there has been no deprivation of a federally protected civil right. Baker v. McCollan, 443 U.S. 137, 140 (1979). In Meacham v. Fano, 427 U.S. 215 (1976), the Supreme Court held that a prisoner does not have a federally protected civil right or constitutional right to receive a certain classification while incarcerated.

The attachments to the plaintiff's complaint demonstrate that the plaintiff received a classification review on April 26, 2004, and then on October 27, 2004. Therefore, plaintiff's classification as a "C" custody prisoner does not violate his constitutional rights. A constitutionally protected liberty interest will be "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (citing Meachum v. Fano, 427 U.S. 215 (1976)). Since the classification of the plaintiff in a certain level of custody, regardless of the reason, is not an "atypical and significant hardship", there has been no constitutionally protected right created. See, e.g., Tubwell v. Griffith, 742 F.2d 250 (5th Cir. 1984) (holding that Mississippi Code Annotated §§ 47-5-99 to 47-5-103 (1972) do not create an expectation of any particular classification). The court finds that the plaintiff has not suffered a constitutional deprivation by his current classification level.

### Conclusion

It is clear that there is no constitutionally protected right to be placed in a certain custody level as a matter of classification. Therefore, the plaintiff has failed to present a claim of constitutional deprivation. See 28 U.S.C. § 1915(e)(2)(B)(ii).

### Three-Strikes provision

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike".[1] If the plaintiff receives "three strikes" he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

A final judgment will be entered in accordance with this memorandum opinion.

SO ORDERED this the 31st day of May, 2005.

UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(g) states:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.